ESTATE OF WILLIAM F. L. FRY, DECEASED, DAUPHIN
DEPOSIT BANK & TRUST COMPANY, COEXECUTOR, AND
GRACE H. FRY, PETITIONERS *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 26361-83.          Filed April 22, 1987.

*Michael J. Egan*, for the petitioners.
*Melvin E. Lefkowitz*, for the respondent.

OPINION

WHITAKER, *Judge*: Respondent determined a deficiency in the Federal income tax liability of Mr. William F.L. Fry and his wife Mrs. Grace H. Fry for their calendar year 1976 in the amount of $840,298.18.[1] This case is before the Court on petitioners' motion for partial summary judgment which raises the issue as to the timeliness of issuance of the statutory notice. The statutory notice is dated June 20, 1983, which is more than 3 years after the filing of the 1976 Federal income tax return. Respondent relies on the provisions of section 6501(e)(1)(A)[2]—the 6-year period of limitations.[3] Petitioners contend that the 1976 income tax return makes an adequate disclosure of the existence of the omitted income so as to invoke section 6501(e)(1)(A)(ii) which reads as follows:

In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

[1]Mr. Fry died in 1980, prior to the filing of the petition in this case.

[2]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

[3]More than 3 years but prior to 6 years from the filing of the 1976 income tax return, petitioners and respondent executed an agreement under sec. 6501(c)(4) extending the period for the assessment of tax for the year 1976. The amount of omitted income on which the deficiency is based is in excess of 25 percent of the amount of gross income stated in the return.

If the 6-year statute of limitations under section 6501(e) is not applicable, the notice of deficiency is untimely. For purposes of this motion, the facts have been fully stipulated.

At the time of filing of the petition, petitioner Grace H. Fry resided in Camp Hill, Pennsylvania, and petitioner Dauphin Deposit Bank & Trust Co. maintained its main office in Harrisburg, Pennsylvania. The 1976 income tax return of Mrs. Fry and her deceased husband was filed on April 15, 1977.

William F.L. Fry (decedent) was a certified public accountant and during the year 1976 was a member of the American Institute of Certified Public Accounts and the Pennsylvania Institute of Certified Public Accountants. He graduated from Wharton School of Finance and was at one time employed by the accounting firm of Main, Hurdman. Prior to 1976, Fry became the chief accountant and financial and tax executive for L.B. Smith, Inc. (Smith), the business of which consisted of the sale and service of equipment. The business of Smith was conducted from premises owned by the related corporation Smith Land & Improvement Corp. (Land).[4] In 1976, 80 percent of the outstanding common stock of Smith was owned by Land. Decedent and another individual, Richard Jordan, each owned almost 10 percent of the outstanding common stock of Smith. Decedent and Jordon were equal owners of the common stock of Land.

Due to the deteriorating health of decedent, he and Jordon caused each of the corporations on September 22, 1976, to enter into agreements with Executive Fiduciary Co. Inc., as trustee for each of the two individuals, pursuant to which each corporation agreed under certain circumstances to purchase the common stock of that corporation. On December 27, 1976, Land purchased the stock of decedent for $1,150,000 with the initial installment of the purchase price being made by the transfer of a parcel of land to decedent. The sum of $1 million was to be paid over a period of 10 years, commencing in 1977. The parcel of land was transferred to decedent at a stated value of $150,000.[5]

---

[4] The stipulation is inconsistent as to the correct names of Smith and land.

[5] Decedent's stock interest in Smith was also redeemed on an installment basis.

No appraisal was made thereof until after decedent's death. It is respondent's contention that said parcel of land was worth approximately $1,400,000.

This transaction is shown on a statement attached to Schedule D of the 1976 Federal income tax return of decedent and Mrs. Fry in the following manner:

69 Shares common stock—Smith Land & Improvement Corp.

Acquired 4/28/69—6/1/71
Sold        12/27/76

| | | |
|---|---|---|
| Selling price | $1,150,000.00 | |
| Cost | 19,356.00 | |
| *Total gain* | 1,130,644.00 | % = 98.3% |
| Payments received—1976 | 150,000.00 | |
| Gross profit percentage | 98.3% | |
| Gain realized—1976 | 147,450.00 | |

The essential element in the issue before us on this motion is whether this statement is a sufficient disclosure for purposes of section 6501(e)(1)(A)(ii). We find and hold that the disclosure does not constitute a disclosure sufficient "to apprise the Secretary of the nature and amount" of the omitted item.

The leading case on the applicability of the 6-year statute of limitations is *Colony, Inc. v. Commissioner*, 357 U.S. 28 (1958).[6] The Supreme Court in *Colony* stated that the congressional purpose behind this additional period of time within which to audit returns was to offset "the special disadvantage in detecting errors" which respondent suffered where "the return on its face provides no clue to the existence of the omitted item." *Colony, Inc. v. Commissioner, supra* at 36. The question before us is whether the tax return is sufficient to "apprise the Commissioner of the nature and amount of the" transaction, essentially a factual inquiry. *University Country Club, Inc. v. Commissioner*, 64 T.C. 460, 469 (1975).

The opinions on this issue are not always easy to reconcile.[7] Since the disclosure for all practical purposes was solely on the statement referenced on Schedule D, our inquiry is whether that statement apprised the Commissioner of the nature and amount of this item. Sec.

---

[6]*Colony, Inc. v. Commissioner*, 357 U.S. 28 (1958), arose under the 1939 Code.

[7]For example, in *Thomas v. Commissioner*, T.C. Memo. 1973-261, we held that it was not sufficient to disclose the type of income but the amount of the omitted income must also be disclosed. *University County Club, Inc. v. Commissioner*, 64 T.C. 460 (1975), seems to indicate that such a disclosure is not always required.

6501(e)(1)(A)(ii). See *Roschuni v. Commissioner*, 44 T.C. 80 (1965); see and compare *Phinney v. Chambers*, 392 F.2d 680 (5th Cir. 1968), with *Benderoff v. United States*, 398 F.2d 132 (8th Cir. 1968). The statement must be sufficiently detailed to alert the Commissioner and his agents as to the nature of the transaction so that the decision as to whether to select the return for audit may be a reasonably informed one. *Benderoff v. United States, supra*. We hold that the statement in this case is not only insufficient, it is in fact misleading.

In the instant case, the statement clearly shows the receipt of $150,000 in 1976 and describes the transaction as a sale. We think it reasonable for an examining agent to have assumed that this payment was made in cash, rather than in property, and that it was received in a sale of the shares of stock from an unrelated person. The schedule failed to show that the transaction was a redemption; i.e., a payment to a shareholder or that the payment was in fact a transfer of real property valued at $150,000. Any transaction between a corporation and one of its two equal shareholders warrants special scrutiny. Also distributions in redemption of stock may have dividend consequences (sections 301 and 302) and may involve the attribution rules of section 318. Therefore, disclosure of a redemption transaction by a closely held corporation is a significant audit clue, and describing such a transaction as a cash sale presumably to an unrelated party is materially misleading. If the transaction had been so described, we think the clue would have been fully sufficient to invoke the exception in section 6501(e)(1)(A)(ii). Whether the disclosure was intentionally misleading, we need not determine. But a taxpayer seeking the benefit of a disclosure in or on a tax return to avoid the 6-year statute, must not be niggardly or, as here, misleading in the statement of facts. Therefore, petitioners' motion for partial summary judgment will be denied.[8]

*An appropriate order will be issued.*

---

[8]Respondent bears the burden of proof as to whether or not petitioners omitted from their 1976 income tax return an amount "in excess of 25 percent of the amount of gross income stated in the return." *Reis v. Commissioner*, 1 T.C. 9 (1942). All that we have determined in this proceeding is that the disclosure in the statement attached to Schedule D does not meet the requirements of sec. 6501(e)(1)(A)(ii).