T.C. Memo. 2018-106

UNITED STATES TAX COURT

ROBERT MANASHI AND NAHRIN MANASHI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13034-13.                    Filed July 5, 2018.

Robert Manashi and Nahrin Manashi, pro sese.

<u>Joseph E. Nagy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Respondent determined that petitioners failed to report their distributive shares of income from an S corporation in the amounts of $800,164, $850,295, $810,490, and $175,717 for taxable years 2006, 2007, 2008, and 2009, respectively.  These and certain other adjustments resulted in deficiencies in petitioners' 2006, 2007, 2008, and 2009 Federal income tax of $259,436,

**[\*2]** $271,079, $256,230, and $68,266, respectively. Respondent also determined

penalties pursuant to section 6662(a)[1] of $51,887, $54,216, $51,246, and $13,653

for 2006, 2007, 2008, and 2009, respectively. After concessions,[2] the only issue

that remains for decision is whether the notices of deficiency issued by respondent

for taxable years 2006, 2007, and 2008 were timely.[3]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners resided

in California when they filed their petition.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts have been rounded to the nearest dollar.

[2]Respondent has conceded that his determinations of unreported income for 2007 and 2009 were overstated by $9,500 and $2,600, respectively. Petitioners concede that, subject to the foregoing adjustments, they had unreported income for the years at issue in the amounts respondent determined. The parties have stipulated that the sec. 6662(a) penalty shall apply to 26% of any underpayment resulting from the unreported income for each year at issue that petitioners have conceded.
Petitioners have not specifically addressed in their petition, in their pretrial memorandum, or at trial respondent's disallowance of $17,573 of a casualty loss deduction they claimed for 2009. We therefore deem petitioners to have conceded this issue. See Rule 34(b)(4).

[3]The parties agree, and we concur, that the notice of deficiency for 2009 was timely insofar as an assessment for that year is concerned.

**[*3]** During the years at issue petitioner Robert Manashi owned 100% of the stock of an S corporation, Flight Vehicles Consulting, Inc. (FVC). Petitioners filed timely joint Forms 1040, U.S. Individual Income Tax Return, and Mr. Manashi filed, on FVC's behalf as its president, Forms 1120S, U.S. Income Tax Return for an S Corporation, for 2006, 2007, 2008, and 2009.[4]

Petitioners maintained three bank accounts during 2006, 2007, and 2008: (1) a business account at Wells Fargo Bank, (2) a personal account at Union Bank of California, and (3) a personal account at Bank of America. Mr. Manashi deposited gross receipts from FVC's operations into all three accounts. Petitioners gave their accountant, who prepared the aforementioned returns, the bank statements from all three accounts, but the accountant reported on FVC's returns only the gross receipts reflected in the deposits to the business account, omitting the gross receipts reflected in the deposits to the two personal accounts. FVC reported "Gross receipts or sales" on line 1c of the Forms 1120S that it filed for 2006, 2007, and 2008 of $391,175, $387,000, and $397,120 and ordinary business income/loss of –$13,330, $58,737, and $88,408, respectively. For those same years, petitioners reported the foregoing income/loss amounts on Schedules E, Supplemental Income and Loss, as coming from FVC, identifying it as an

---

[4]Petitioners also filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2008.

**[*4]** S corporation and providing its employer identification number.  The parties now agree that the gross receipts reported on FVC's 2006, 2007, and 2008 returns were understated by $800,164, $840,795, and $810,490, respectively, and that identical amounts were omitted from the income petitioners reported (as Schedule E income from FVC) on their 2006, 2007, and 2008 returns.  The parties have further stipulated that these amounts omitted from petitioners' 2006, 2007, and 2008 returns exceed 25% of the gross income reported on those returns.

During respondent's examination of petitioners' returns for the years at issue, he issued subpoenas for petitioners' bank records.  Petitioners moved to quash those subpoenas and now concede that, as a result, the applicable period of limitations within which respondent was required to issue any notice of deficiency was extended by 214 days.  See sec. 7609(e)(1).  Respondent issued notices of deficiency to petitioners for the years at issue, and petitioners timely petitioned for redetermination of the deficiencies.

OPINION

In general, a notice of deficiency must be mailed within three years of the date the return is filed, secs. 6213(a), 6501(a), 6503(a), but the Commissioner has six years to mail the notice if the gross income omitted from the return exceeds 25% of the amount of gross income reported on the return, sec. 6501(e)(1)(A).

**[*5]** However, under former section 6501(e)(1)(B)(ii)[5], the omitted income for

--------

[5]Former sec. 6501(e)(1)(B)(ii), applicable for the years at issue except as noted below, states as follows:

      (ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

Former sec. 6501(e)(1)(B)(ii), redesignated from former sec. 6501(e)(1)(A)(ii), <u>see</u> Hiring Incentives to Restore Employment Act, Pub. L. No. 111-147, sec. 513, 124 Stat. at 111-112 (2010), was redesignated sec. 6501(e)(1)(B)(iii) and amended by the Surface Transportation and Veterans Health Care Choice Improvement Act of 2015 (Act), Pub. L. No. 114-41, sec. 2005, 129 Stat. at 456-457, to insert the parenthetical text below into clause (iii) (as so redesignated):

      (iii) In determining the amount omitted from gross income (other than in the case of an overstatement of unrecovered cost or other basis), there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

Sec. 6501(e)(1)(B)(iii) was made effective for returns filed after July 31, 2015, as well as for returns filed on or before that date if (on that date) the period for assessment under sec. 6501 (determined without regard to amendments made by sec. 2005 of the Act) remained open. Act sec. 2005(b), 129 Stat. at 457. Consequently, sec. 6501(e)(1)(B)(iii) could be interpreted to apply to one or more of the years at issue. However, since the newly added parenthetical--concerning overstatements of basis--has no bearing on the issues in this case, we find it unnecessary to decide whether current sec. 6501(e)(1)(B)(iii), rather than former sec. 6501(e)(1)(B)(ii), applies to one or more of the years at issue. In either case, the result would be the same. For convenience, we will refer to former sec.

(continued...)

**[*6]** purposes of this calculation does not include the amount of any omitted income insofar as the taxpayer discloses the omitted amount "in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item."

The parties agree that the notices of deficiency for 2006, 2007, and 2008 were not mailed within three years of the returns' filing dates but were mailed within six years of the filings, once the tolling of the limitations periods on account of petitioners' attempt to quash respondent's subpoenas is taken into account. They also agree that the amounts omitted from gross income on petitioners' returns for the foregoing years exceeded 25% of the gross income reported on those returns. The issue for decision is whether petitioners adequately disclosed the omitted income for each year within the meaning of section 6501(e)(1)(B)(ii). Petitioners bear the burden of showing that their disclosures were adequate. See Univ. Country Club, Inc. v. Commissioner, 64 T.C. 460, 468 (1975).

Whether disclosure is adequate for purposes of section 6501(e)(1)(B)(ii) is a factual question. Whitesell v. Commissioner, 90 T.C. 702, 707-708 (1988). The disclosure generally must appear on the face of the return or a statement attached to the return and "be apparent * * * to the elusive 'reasonable man'". Univ. Country

---

5(...continued)
6501(e)(1)(B)(ii) as the applicable provision for all years at issue.

**[*7]** <u>Club, Inc. v. Commissioner</u>, 64 T.C. at 471; <u>see also</u> <u>Hines v. Commissioner</u>, T.C. Memo. 1989-17, <u>aff'd</u>, 893 F.2d 1330 (3d Cir. 1989). In certain circumstances, when a taxpayer's individual return references another return, the other return must be examined in determining the adequacy of the disclosure. For example, when the individual return includes a reference to an S corporation in which the taxpayers hold interests, "the corporate information return on Form 1120-S must be considered along with taxpayers' individual returns in resolving the issue of adequate disclosure." <u>Benderoff v. United States</u>, 398 F.2d 132, 135 (8th Cir. 1968); <u>see also</u> <u>CNT Inv'rs, LLC v. Commissioner</u>, 144 T.C. 161, 214 (2015). In determining whether adequate disclosure has been made under section 6501(e)(1)(B)(ii), we examine whether the return offered a "clue" regarding the existence, nature, and amount of the omitted income. <u>Quick Tr. v. Commissioner</u>, 54 T.C. 1336, 1347 (1970), <u>aff'd</u>, 444 F.2d 90 (8th Cir. 1971). For a disclosure to be adequate, it "must be sufficiently detailed to alert the Commissioner and his agents as to the nature of the transaction so that the decision as to whether to select the return for audit may be a reasonably informed one." <u>Estate of Fry v. Commissioner</u>, 88 T.C. 1020, 1023 (1987); <u>see also</u> <u>Heckman v. Commissioner</u>, T.C. Memo. 2014-131, at *12, <u>aff'd</u>, 788 F.3d 845 (8th Cir. 2015).

**[\*8]**  Petitioners make two arguments in support of their position that there was adequate disclosure of FVC's gross receipts income omitted from their 2006, 2007, and 2008 returns (so that the omitted income would not be taken into account in determining whether their income omissions exceeded 25% of the gross income reported).  First, relying on <u>Benderoff</u>, petitioners contend that we must consider FVC's Forms 1120S for 2006, 2007, and 2008 in determining whether the disclosure was adequate.  We agree with petitioners that it is appropriate to consider FVC's returns, as petitioners fully identified FVC as an S corporation in which Mr. Manashi held an interest on their individual returns.  However, our agreement with petitioners stops there.  Petitioners contend that adequate disclosure occurred by virtue of the fact that FVC reported some amount of gross receipts on its returns for each year.  In petitioners' view, respondent, "through internal data", would have had knowledge of the amounts deposited into petitioners' bank accounts and could have discovered that gross receipts were erroneously reported for each year.  Petitioners are mistaken.  Simply put, reporting some amount of gross receipts offers no "clue" that other gross receipts have been omitted.  Nothing on FVC's Form 1120S for each year reasonably alerted respondent that gross receipts had been underreported.  The "clue" must be

**[*9]** on the face of the return; respondent is not required to undertake further examination absent a "clue" that would inform a reasonable person.

Second, petitioners argue that Forms 1099 were filed with respondent by the banks at which they maintained their personal and business accounts and those forms should have alerted respondent to the omitted income amounts on account of the significant discrepancies between FVC's reported gross receipts and the amounts deposited into those accounts for each year. Alternatively, petitioners contend that FVC's clients filed Forms 1099 with respect to the payments those clients made to FVC and that those forms should have similarly alerted respondent to the omitted income. There are no Forms 1099 issued by petitioners' banks or FVC's clients in the record and certainly none attached to the returns filed by either petitioners or FVC. Thus, any information from Forms 1099, if they were in fact filed, would not have been "disclosed in the return, or in a statement attached to the return", as required by section 6501(e)(1)(B)(ii). Thus petitioners' second argument is also unavailing.

We therefore hold that the six-year period of limitations provided in section 6501(e)(1)(A) applies with respect to respondent's assessments of deficiencies for petitioners' 2006, 2007, and 2008 taxable years and that as a result the notices of deficiency for those years were timely.

**[\*10]**  To reflect the parties' concessions,

<u>Decision will be entered under</u>

<u>Rule 155</u>.