T.C. Memo. 2021-82

UNITED STATES TAX COURT

ATHANASIOS PRAGIAS AND CYNTHIA PRAGIAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4495-17.                    Filed June 30, 2021.

<u>Stephen D. Gardner</u>, <u>Clint E. Massengill</u>, and <u>Adriana L. Wirtz</u>, for

petitioners.

<u>Peter N. Scharff</u>, <u>Gennady Zilberman</u>, and <u>Michael J. De Matos</u>, for

respondent.

MEMORANDUM OPINION

GREAVES, <u>Judge</u>:  This case is before the Court on petitioners' motion for

summary judgment under Rule 121.[1]  Petitioners contend that respondent's notice

_____

[1]Unless otherwise noted, all Rule references are to the Tax Court Rules of
(continued...)

[*2] of deficiency issued for their 2006 tax year was untimely because the section 6501(e) six-year limitations period does not apply. For the reasons discussed below, we will deny the motion.

Background

The Court draws the following undisputed facts from the parties' pleadings and motion papers, and the exhibits attached to the latter. Petitioners resided in New York when they filed the petition.

Petitioner Cynthia Pragias owned an interest in Cedarwood Ventures, LLC (Cedarwood), an entity treated as a partnership for Federal income tax purposes. The determined deficiency arises from Cedarwood's 2006 transfer of options to purchase shares of a corporation. Cedarwood and the transferees documented the transfer as a sale.

Petitioners filed a joint 2006 Form 1040, U.S. Individual Income Tax Return, on October 17, 2007, wherein they reported $1,531,256 as capital gain on line 13.[2] They listed the same figure on line 12 of Schedule D, Capital Gains and

_____

[1](...continued)
Practice and Procedure, and all section references are to the Internal Revenue Code (Code) in effect at all relevant times.

[2]Petitioners later filed an amended return to reduce their 2006 capital gain to zero. The parties note the amended return in their motion papers but assign it no

(continued...)

**[*3]** Losses, as "Net long-term capital gain * * * from partnerships,

S corporations, estates, and trusts from Schedule(s) K-1".[3] Petitioners attached to

their return only the second page of Schedule E, Supplemental Income and Loss,

which requires the taxpayer to list on line 28 his distributive share of income or

loss from each partnership or other passthrough entity in which he holds an

interest.[4] 2006 Instructions for Schedule E (Form 1040), at E-5 to E-6. On

Schedule E petitioners listed the name, entity designation, and employer

identification number for Cedarwood and an S corporation called Procom

---

[2](...continued)
legal significance. We conclude on the basis of the original return that the six-year limitations period applies and do not address the effect of an amended return purporting to reduce self-assessed tax liability.

[3]Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., is a schedule attached to Form 1065, U.S. Return of Partnership Income, to report a partner's distributive share of income, credits, deductions, etc., from the partnership. The partnership must furnish a copy of Schedule K-1 to the partner before the partnership's return filing deadline. See sec. 1.6031(b)-1T(b), Temporary Income Tax Regs., 53 Fed. Reg. 34491 (Sept. 7, 1988); 2006 Instructions for Form 1065, at 22.

[4]A partner is subject to tax in his individual capacity on his "distributive share" of the partnership's capital gain. See secs. 701 and 702. The partner's distributive share is determined without regard to whether the partnership distributes any sale proceeds to the partner. See sec. 704; United States v. Basye, 410 U.S. 441, 454 (1973); sec. 1.702-1(a), Income Tax Regs.

**[*4]** Advisors, Inc. (Procom). Schedule E reported $10 of income from Procom, which was included on Form 1040, but listed no income or loss from Cedarwood.

In 2011, after respondent initiated an audit of petitioners' return, Cedarwood filed a 2006 partnership return including Schedules K-1 for Cynthia Pragias and five other partners.[5] Each partner was an individual listed as a domestic partner, indicating that no partner was a nonresident alien. See 2006 Instructions for Form 1065, at 22 (instructing partnership to check the foreign partner box if the partner is a nonresident alien individual). The six partners collectively held all Cedarwood profit/loss and capital interests. Line 4 of Schedule B, Other Information, shows Cedarwood did not have a section 6231(a)(1)(B)(ii) TEFRA partnership election in effect for 2006.[6]

---

[5]For partnership tax years beginning before January 1, 2018, sec. 6229(a) generally provides that the period for assessing Federal income tax on a partner's distributive share of income of a TEFRA partnership for a partnership taxable year shall not expire before the date which is three years after the date on which the partnership return for such taxable year was filed. See Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 659 (repealed by the Bipartisan Budget Act of 2015, Pub. L. No. 114-74, sec. 1101(a), 129 Stat. at 625). However, as explained infra Part I, Cedarwood is not a TEFRA partnership, so the late-filed partnership return does not affect the sec. 6501 limitations period for petitioners.

[6]See the explanation of sec. 6231(a)(1)(B)(ii) in the second paragraph of Part I infra.

**[*5]** Petitioners agreed to extend the limitations period, signing Form 872, Consent to Extend the Time to Assess Tax, more than three years but less than six years after October 17, 2007, when the limitations period began to run.[7] Petitioners ultimately consented to extend the limitations period end date to December 31, 2017.

On November 28, 2016, respondent issued a notice of deficiency for petitioners' 2006 tax year, determining that petitioners should have reported $4,919,890 of capital gain. Respondent's motion papers explain that the determined deficiency reflects petitioners' distributive share of capital gain from the Cedarwood options sale. Petitioners seek redetermination in this Court and filed their summary judgment motion on January 14, 2020.

## Discussion

I.    Jurisdiction

The Tax Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time. Stewart v.

---

[7]A taxpayer does not concede that the limitations period remains open by agreeing to an extension. See Colony, Inc. v. Commissioner, 357 U.S. 28, 30 (1958) (taxpayer consented to extend the limitations period more than three years but less than five years (the former limitations period for a return with a substantial omission) after the clock started, yet the Supreme Court held that the limitations period had expired).

[*6] Commissioner, 127 T.C. 109, 112 (2006).  A partner's distributive share of partnership gain, such as petitioners' share of Cedarwood's gain on the options sale, is generally a partnership item.  See sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.  For partnership tax years beginning before January 1, 2018, section 6225(a) may preclude our review of a partnership item in a partner-level proceeding like this one, as opposed to a partnership-level proceeding.  See Wadsworth v. Commissioner, T.C. Memo. 2007-46, slip op. at 10 (citing section 6225(a) and Maxwell v. Commissioner, 87 T.C. 783, 789 (1986)).  However, the section 6225(a) jurisdictional limitation does not apply unless the partnership is a TEFRA partnership.  See sec. 6231(a)(1) (defining "partnership" for purposes of TEFRA); sec. 6231(a)(3) (defining "partnership item", in part, as an item "with respect to a partnership", i.e., with respect to a TEFRA partnership).

Section 6231(a)(1)(B)(i) provides that a partnership is not a TEFRA partnership if it has "10 or fewer partners each of whom is an individual (other than a nonresident alien), a C corporation, or an estate of a deceased partner."  That limitation "is applied to the number of natural persons, C corporations, and estates of deceased partners that were partners at any one time during the partnership taxable year."  Sec. 301.6231(a)(1)-1(a)(1), Proced. & Admin. Regs.  Thus, a partnership qualifies for the exception for a taxable year only if it meets

**[\*7]** the 10-or-fewer limitation throughout that year. See id. subpara. (3) ("The determination of whether a partnership meets the requirements for the exception for small partnerships * * * shall be made with respect to each partnership taxable year[.]"). Section 6231(a)(1)(B)(ii) allows a partnership that would qualify for the exception to elect TEFRA partnership status.

Section 6031 and the 2006 Instructions for Form 1065, at 21-22, require a partnership to prepare Schedule K-1 for each person who was a partner at any time during the year and attach a copy of each Schedule K-1 to the partnership return. Cedarwood identified six domestic individuals as the only partners on the 2006 Schedules K-1 in the record. Cedarwood is not a TEFRA partnership because it qualifies for the small partnership exception and did not elect TEFRA partnership status. Accordingly, we may address the merits of this case.

II.     Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly and unnecessary trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant a motion for summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); Fla. Peach Corp. v. Commissioner, 90 T.C. at 681. Furthermore, we construe the facts and draw all inferences in the light most favorable to the

**[\*8]** nonmoving party to decide whether summary judgment is appropriate.  Bond
v. Commissioner, 100 T.C. 32, 36 (1993).  The nonmoving party may not rest
upon the mere allegations or denials of his pleading but must set forth specific
facts showing that there is a genuine dispute for trial.  Rule 121(d); Bond v.
Commissioner, 100 T.C. at 36.

The parties agree that respondent's notice of deficiency is timely only if the
section 6501(e) six-year limitations period applies, which is the sole question for
decision at this stage in the proceedings.  Section 6501(a) generally requires that
the Internal Revenue Service (IRS) assess tax within three years after the taxpayer
files his return.  However, section 6501(e), as relevant to this case and as in effect
at the relevant time,[8] extends this period to six years for returns that satisfy a
two-part test.  See Quick Tr. v. Commissioner, 54 T.C. 1336, 1346 (1970), aff'd
per curiam, 444 F.2d 90 (8th Cir. 1971).  First, the extended limitations period
applies only if "the taxpayer omits from gross income an amount properly
includible therein" and that amount "is in excess of 25 percent of the amount of

_____

[8]This opinion discusses the 2010 version of sec. 6501(e).  See Hiring
Incentives to Restore Employment Act, Pub. L. No. 111-147, sec. 513, 124 Stat. at
111-112 (2010).  This version applies to returns filed before March 18, 2010, if
the limitations period had not expired as of that date.  Id. sec. 513(d)(2), 124 Stat.
at 112.  The 2010 version applies in this case because the limitations period began
to run on October 17, 2007, less than three years before March 18, 2010.

[*9] gross income stated in the return". Sec. 6501(e)(1)(A). Second, the omitted amount must not be adequately disclosed: "In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item." Sec. 6501(e)(1)(B)(ii).[9] We conclude that the material facts necessary for applying this test are not in dispute and that the timeliness of respondent's notice of deficiency is appropriate for summary adjudication.

III.    25% Omission

Petitioners' return satisfies the first requirement because we assume, for purposes of the pending motion, that petitioners should have reported the $4,919,890 of capital gain determined by respondent, and their failure to do so results in an omission of more than 25% of the amount of gross income stated in the return. Cf. United States v. Home Concrete & Supply, LLC (Home Concrete), 566 U.S. 478, 480 (2012) (making similar assumption in applying section 6501(e)). Petitioners argue that whether a return "omits" an amount of gross

---

[9]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

[*10] income within the meaning of section 6501(e)(1)(A) is a facts-and-circumstances inquiry. Citing this Court's recent decision in Beverly Clark Collection, LLC v. Commissioner, T.C. Memo. 2019-150, aff'd, ___ F. App'x ___, 2021 WL 2581370 (9th Cir. June 23, 2021), petitioners assert that they did not "omit" their distributive share of Cedarwood capital gain, irrespective of the adequate disclosure test discussed infra, because their gross income calculation understates the Cedarwood item rather than leaving it out entirely. We reject this argument on the basis of Estate of Fry v. Commissioner, 88 T.C. 1020, 1020 n.3, 1021-1022 (1987), wherein the return undervalued a parcel of land received in exchange for stock by more than 25% of reported gross income. We applied the six-year limitations period, even though the taxpayer understated the sale proceeds rather than omitting the transaction altogether, because the return did not adequately disclose the item by the terms of section 6501(e). Id. at 1022-1023; see also Quick Tr. v. Commissioner, 54 T.C. at 1346 (after agreeing with the IRS that the return understated gross income, the Court determined in one sentence that the understatement exceeded 25% of reported gross income, and moved immediately to the adequate disclosure analysis).

[*11] IV.    Adequate Disclosure

We decide that petitioners did not adequately disclose their distributive

share of Cedarwood capital gain, for a straightforward reason:  Their return did

not apprise the IRS of the amount of the gain.  Adequate disclosure is a question

of fact, and the taxpayer bears the burden of proving that the return adequately

disclosed the nature and amount of the determined omitted income.  Highwood

Partners v. Commissioner, 133 T.C. 1, 21 (2009).[10]  In a quintessential case of

adequate disclosure, the taxpayer errs in computing gross income but fully

discloses the amounts underlying the error elsewhere in the return.  See Benson v.

Commissioner, 560 F.3d 1133, 1136 (9th Cir. 2009), aff'g T.C. Memo. 2006-55;

see also Walker v. Commissioner, 46 T.C. 630, 640 (1966) (finding that adequate

disclosure exists "where a taxpayer arrives at an incorrect computation of tax only

by reason of a difference between him and the respondent as to the legal

construction to be applied to a disclosed transaction" (citing Davis v. Hightower,

230 F.2d 549 (5th Cir. 1956))).  For example, in Univ. Country Club, Inc. v.

---

[10]Petitioners included in gross income a distributive share of capital gain from a passthrough entity but did not attribute that gain to Cedarwood per the Schedule E instructions.  We conclude that petitioners' return did not apprise the IRS of the amount of the gain and do not address the more difficult question of whether the error on Schedule E renders the return inadequate to apprise the IRS of the nature of the gain.

[*12] Commissioner, 64 T.C. 460, 468-470 (1975), we held that a return adequately disclosed an item omitted from gross income where the taxpayer reported the full amount of receipts, but mischaracterized them as nontaxable capital contributions. In keeping with the Supreme Court's admonition that the Code limits the extended limitations period to returns that provide "no clue to the existence of the omitted item", see Home Concrete, 566 U.S. at 482-483 (quoting Colony, Inc. v. Commissioner, 357 U.S. 28, 36 (1958)), the taxpayer does not necessarily have to disclose the exact amount of the omitted income to avoid the six-year limitations period, Quick Tr. v. Commissioner, 54 T.C. at 1347. We have found adequate disclosure of a partner's distributive share of partnership income where information on the partnership return suggested the distributive share was understated, even though the IRS could not have discerned the amount of the understatement from the face of the return. Id.

Petitioners' failure to identify the source of their capital gain on Schedule E, and Cedarwood's failure to file a return with the requisite Schedules K-1, could have attracted IRS attention. But unlike the partnership return in Quick Tr., petitioners' return provided no clue that their distributive share of partnership income was greater than reported on the face of the return itself. Cf. CNT Inv'rs, LLC v. Commissioner, 144 T.C. 161, 218 (2015) (applying the six-year limitations

[*13] period in similar circumstances). We do not consider any disclosure on Cedarwood's return, which was filed after the three-year limitations period would have expired.

## Conclusion

The six-year limitations period applies because we assume for purposes of the pending motion that petitioners understated their distributive share of Cedarwood capital gain by more than 25% of the gross income stated on the return, as respondent alleges, and the return does not adequately disclose the omitted amount by the terms of section 6501(e)(1)(B)(ii). We will deny petitioners' motion for summary judgment.

To reflect the foregoing,

An appropriate order will be issued.