**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 11-1612

——

FRANK GANGI; FERROUS MINER HOLDINGS INC.;
BABP VI LLC; GLOBAL NAPS INC.

v.

UNITED STATES OF AMERICA

FRANK GANGI,
 Appellant

————

Appeal from the United States District Court for the District of New Jersey
(No. 3:10-mc-0024)
District Judge: Honorable Garrett E. Brown, Jr.

————

Submitted under Third Circuit LAR 34.1(a)
November 18, 2011

————

Before: FUENTES and CHAGARES, Circuit Judges
and POGUE,[*] Judge

(Opinion Filed: November 30, 2011)

---

[*] Hon. Donald C. Pogue, Chief Judge, United States Court of International Trade, sitting by designation.

_____

OPINION

_____

POGUE, Judge,

Appellant, Frank Gangi, appeals the District Court's grant of the Government's motion to enforce Internal Revenue Service ("IRS") summonses served on CitiBank and Sovereign Bank for the purposes of determining Gangi's tax liability. For the following reasons, we will affirm the District Court's decision.

## I. BACKGROUND

Because we write for the parties' benefit, we will recite only the essential facts. Those facts begin in 2004, when the IRS opened an audit to determine if Gangi was a bona fide resident of the Virgin Islands, whether he was obligated to report income on a U.S. federal income tax return and whether he reported the proper amounts of income. Internal Revenue Agent Jackie Moss ("Agent Moss") served third-party summonses on CitiBank and Sovereign Bank on February 2, 2010 and May 10, 2010, respectively. The summonses sought information and documents for the purposes of determining Gangi's tax liability.

Gangi petitioned to quash the summonses, alleging that the summonses failed to comply with the requirements articulated in United States v. Powell, 379 U.S. 48 (1964). On August 25, 2010, the Magistrate Judge issued an opinion and order denying Gangi's petition and granting the Government's motion to enforce. On January 7, 2011, the

2

District Court adopted, with modifications, the Magistrate Judge's Report and Recommendations. The Government appealed and Gangi cross-appealed. The Government's appeal was later voluntarily dismissed, leaving only Gangi's appeal.

## II. JURISDICTION & STANDARD OF REVIEW

As the District Court had jurisdiction pursuant to 26 U.S.C. §§ 7402(b) and 7609(h), we have jurisdiction pursuant to 28 U.S.C. § 1291.

In reviewing the District Court's order to enforce an IRS summons, we review questions of fact for clear error and questions of law *de novo*. See Lozano v. City of Hazleton, 620 F.3d 170, 181 (3d Cir. 2010); see also United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999).

## III. ANALYSIS

Section 7602(a) of the Internal Revenue Code ("IRC") authorizes the IRS to issue summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining liability of any person for any internal revenue tax . . . , or collecting any such liability." To establish a *prima facie* case for the legality of a summons, the IRS must show that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the IRC have been followed. Powell, 379 U.S. at 57–58. Once the IRS has made its *prima facie* case, the taxpayer bears the burden of disproving any one of the

3

four Powell elements or otherwise demonstrating that "enforcement of the summons will result in an abuse of the court's process." United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990). The burden of showing an abuse of the court's process is on the taxpayer. Powell, 379 U.S. at 58.

Gangi contends that the District Court erred in concluding that enforcement of the summonses would not result in an abuse of process. He presents two arguments to support his abuse of process claim: a constitutional argument, related to the IRS's interpretation of the statute of limitations on the assessment of taxes, and an institutional bad faith argument.

## A. Statute of Limitations

First, Gangi argues that the IRS's failure to acknowledge that the statute of limitations for assessment of taxes has expired constitutes an infringement of his Fifth Amendment due process rights. This claim lacks merit.

The statute of limitations for assessment of taxes is three years from the latter of the date the return was due or filed. IRC § 6501. Powell, however, makes it clear that the statute of limitations applies only to assessments of taxes, not to summonses or other investigative procedures. Powell, 379 U.S. at 57 ("[T]he [IRS] Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired."). Since the dispute in this case concerns summonses and not assessments, the § 6501 statute

4

of limitations upon which Gangi relies is inapplicable to the summonses at issue.

Therefore, any due process claims based on the expiration of the statute of limitations

must fail.[1]

The statute of limitations for assessment does not preclude the summonses at issue.

Accordingly, we need not address Gangi's constitutional claims based on the statute of

limitations.

### B. Institutional Bad Faith

Second, Gangi claims that the summonses evidenced institutional bad faith on the

part of the IRS. Gangi bases this argument on his constitutional challenge, arguing that

the IRS is pursuing its investigation despite the asserted unconstitutionality of its

interpretation of the statute of limitations for assessment of tax liability in the Virgin

Islands. Gangi further relies on a legislative recommendation contained in a 2009 report

to Congress by the IRS Taxpayer Advocate Service ("TSA").

A good faith inquiry satisfies the first prong of <u>Powell</u> – a legitimate investigative

purpose. <u>Rockwell</u>, 897 F.2d at 1262 ("[T]he requirement of legitimate purpose means

nothing more than that the government's summons must be issued in good faith pursuant

to one of the powers granted under 26 U.S.C. § 7602."). Examples of bad faith requiring

---

[1] IRC § 6501(c)(1)–(3) also provides exceptions for false returns, willful attempts to evade tax, and the failure to file a return. If the IRS determines that Gangi was not a bona fide resident of the Virgin Islands, then he was obligated to file U.S. federal tax returns. It is uncontested that Gangi did not file U.S. federal tax returns for the period at issue. It follows that the statute of limitations would not preclude the summonses for purposes of determining the applicability of these exceptions.

a court to quash a summons include summonses issued "solely to harass [a taxpayer], or to force him to settle a collateral dispute," or to gather information for other federal agencies. Pickel v. United States, 746 F.2d 176, 185 (3d Cir. 1984).

Gangi has failed to present evidence that the IRS acted in bad faith. The IRS has asserted a legitimate investigatory purpose – to determine whether Gangi was a bona fide resident of the Virgin Islands and thus whether he has satisfied his tax liabilities. As the District Court has noted, the TSA Report, on which Gangi relies, presents tax *policy* arguments rather than any evidence of institutional bad faith, which is a *legal* standard. Gangi v. United States, No. 10-24, 2011 WL 1363816, at *6 (D.N.J. Jan. 07, 2011). Furthermore, because the statute of limitations does not preclude summonses, the constitutional challenge presented by Gangi is not relevant to the question of whether the IRS acted in bad faith in issuing the summonses. Accordingly, the IRS's issuance of the summonses does not constitute institutional bad faith.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the District Court's order denying Gangi's petition and granting the Government's motion to enforce.

6