# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3256

_____

Judith S. Coffey

*Appellee*

Government of the United States Virgin Islands, ("V.I. Government")

*Intervenor - Appellee*

v.

Commissioner of Internal Revenue

*Appellant*

_____

No. 18-3259

_____

Estate of James Coffey, Judith Coffey Executrix

*Appellee*

v.

Commissioner of Internal Revenue

*Appellant*

_____

Appeal from The United States Tax Court

_____

Submitted: September 23, 2020
Filed: December 15, 2020
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

The Commissioner of Internal Revenue determined that because Judith S. Coffey was not a bona fide resident of the United States Virgin Islands (USVI), she and James L. Coffey owed federal income tax for the 2003 and 2004 tax years. The Coffeys invoked the three-year statute of limitations in 26 U.S.C. § 6501(a). The USVI intervened. *See Coffey v. Comm'r*, 663 F.3d 947 (8th Cir. 2011). The Tax Court granted the Coffeys' motion for summary judgment. The IRS appeals. Having jurisdiction under 26 U.S.C. § 7482(a)(1), this court reverses and remands.

I.

The United States and the USVI are separate taxing entities. *Id.* at 949. The USVI "administers a 'mirror code' of the Internal Revenue Code that substitutes 'Virgin Islands' for 'United States.'" *Id.*, *citing* **26 U.S.C. §§ 932(c)(2)**, **7654(a)**; *and* **48 U.S.C. § 1397**.

Under the USVI's Economic Development Program, bona fide USVI residents owe only ten percent of the income tax on their "income derived from sources within the Virgin Islands or income effectively connected with the conduct of a trade or business within the Virgin Islands." **26 U.S.C. § 934(b)(1)**; **29 V.I.C. § 713b(b)**, **(e)(1)(A)**.

Taxpayers with USVI-related income have different reporting requirements depending on their residency. A bona fide USVI resident "shall file an income tax return . . . with the Virgin Islands." **§ 932(c)(2), (c)(4)**. In contrast, any other

-2-

taxpayer with USVI-related income "shall file his income tax return . . . with both the United States and the Virgin Islands." **§ 932(a)(2)**.

Generally, the IRS must assess taxes "within 3 years after the return was filed . . . ." **§ 6501(a)**. "Return" means "the return required to be filed by the taxpayer . . . ." **Id.** "In the case of failure to file a return," there is no time limit for IRS assessment. **§ 6501(c)(3)**.

The Coffeys filed only USVI returns, claiming Judith was a bona fide USVI resident for both 2003 and 2004. Their returns consisted of completed Form 1040s, their USVI and federal W-2s, and numerous other schedules and forms. The returns claimed the EDP credit for both years.

The Coffeys did not file the returns with the IRS. However, for each year, the USVI's Bureau of Internal Revenue (VIBIR) sent the IRS the first two pages of their returns and their USVI and federal W-2s about five months after receiving these documents. The VIBIR sent these documents to the IRS so the Coffeys' prepayments to the IRS could be paid to the USVI, with any overpayment refunded to the Coffeys. *See* **§ 7654(a)** (taxes collected by the IRS from bona fide USVI residents are "covered into the Treasury" of the USVI).

The IRS audited these documents. *See* **Coffey**, 663 F.3d at 949. It issued notices of deficiency to the Coffeys in 2009, more than three years after receiving the documents. According to the IRS, Judith was never a bona fide USVI resident and the Coffeys could not claim the EDP credit. The Coffeys asserted the three-year statute of limitations in section 6501(a) as a defense. The Tax Court granted their motion for summary judgment, holding that the statute of limitations began when the IRS received the documents from the VIBIR. **Coffey v. Comm'r**, 150 T.C. 60, 97 (2018). A concurring opinion stated that the statute of limitations began when the Coffeys filed their USVI returns with the VIBIR. **Id.** at 98. A dissenting opinion believed that neither the Coffeys or the VIBIR filed anything with the IRS. **Id.** at 104.

-3-

## II.

This court reviews de novo the Tax Court's grant of summary judgment. ***Nestlé Purina Petcare Co. v. Comm'r***, 594 F.3d 968, 970 (8th Cir. 2010). Summary judgment is appropriate if "there are no genuine issues of material fact, and the moving party is entitled to a judgment as a matter of law." ***Bearden v. Int'l Paper Co.***, 529 F.3d 828, 831 (8th Cir. 2008), *citing* **Fed. R. Civ. P. 56(c)**.

The Coffeys moved for summary judgment assuming as true that they were USVI nonresidents. The Tax Court assumed on summary judgment that Judith was a USVI nonresident. ***Coffey***, 150 T.C. at 61, 78–79. *See generally* ***Vento v. Dir. of Virgin Islands Bureau of Internal Revenue***, 715 F.3d 455, 466–68 (3d Cir. 2013) (listing factors to determine USVI residency).

Summary judgment may be appropriate where the parties dispute facts, so long as the court assumes as true the facts alleged by the nonmoving party for the purposes of the motion. *See* ***Eichenwald v. Small***, 321 F.3d 733, 736 n.2 (8th Cir. 2003); ***Britton v. City of Poplar Bluff***, 244 F.3d 994, 996 (8th Cir. 2001); ***Summers v. Baptist Med. Ctr. Arkadelphia***, 91 F.3d 1132, 1138 (8th Cir. 1996) (en banc). *Cf.* ***Jones v. Coonce***, 7 F.3d 1359, 1362 (8th Cir. 1993) (in qualified immunity cases, this court can "decide the essentially legal question of whether the acts [alleged by plaintiffs] violated clearly established law"). For the purposes of this appeal, Judith's USVI non-residency is acknowledged and is not a disputed issue of material fact.

## III.

The Internal Revenue Code states that a USVI nonresident must "*file*" their "*return*" with "*both* the United States and the Virgin Islands." **§ 932(a)(2)** (emphasis added). The Coffeys are USVI nonresidents for the purposes of this appeal. They did not file their return with both the IRS and the VIBIR. ***Coffey***, 150 T.C. at 65.

-4-

There is no time limit for IRS assessment where the taxpayer fails to "file" a return.  **§ 6501(c)(3)**.  *See **Kaplan v. Comm'r***, 795 F.3d 808, 812 (8th Cir. 2015) (stating that the statute of limitations does not begin until the taxpayer files their return).  In determining whether the statute of limitations bars the IRS's claims, this court must give the statute of limitations a "strict construction" in favor of the IRS.  ***Badaracco v. Comm'r***, 464 U.S. 386, 391 (1984) (Statutes of limitations barring the rights of the U.S. Government "must receive a strict construction in favor of the Government.").

The Coffeys propose two ways that they met the USVI nonresident filing requirements, beginning the three-year statute of limitations in section 6501(a) and barring the IRS's claims.  First, they argue that the VIBIR sending some of their tax documents to the IRS was a filing.  Second, they argue that their returns filed with the VIBIR alone met the USVI nonresident filing requirements.

A.

The Coffeys argue that the documents sent by the VIBIR to the IRS were "filed" under sections 932(a)(2) and 6501(a).  The Tax Court agreed, concluding that the documents were filed because "the first two pages of [the Coffeys' USVI returns] somehow (and without their knowledge or explicit approval) ended up at the Philadelphia office of the IRS . . . ."  ***Coffey***, 150 T.C. at 97.

The Internal Revenue Code and the IRS regulations do not define the terms "file" or "filed."  *See **Allnutt v. Comm'r***, 523 F.3d 406, 412 (4th Cir. 2008).  A taxpayer must show "meticulous compliance" with all filing requirements in the Internal Revenue Code or IRS regulations.  ***Lucas v. Pilliod Lumber Co.***, 281 U.S. 245, 249 (1930) (requiring "meticulous compliance" by taxpayers with all statutory conditions to begin the statute of limitations); ***Comm'r v. Lane-Wells Co.***, 321 U.S. 219, 223 (1944) (requiring compliance with IRS regulations to begin the statute of limitations).  Returns are "filed" if "delivered, in the appropriate form, to

-5-

the specific individual or individuals identified in the Code or Regulations." ***Comm'r v. Estate of Sanders***, 834 F.3d 1269, 1274 (11th Cir. 2016), *quoting* ***Allnutt***, 523 F.3d at 413.  *Cf.* ***Lane-Wells***, 321 U.S. at 223 (The purpose of filing requirements "is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished.").

In a similar case, the taxpayer's return did not report some taxable income that must be reported.  ***Heckman v. Comm'r***, 788 F.3d 845, 846 (8th Cir. 2015).  The IRS learned of it during an unrelated audit of the taxpayer.  ***Id.***  The IRS issued a deficiency notice over three years after the taxpayer filed the return.  ***Id***.  The taxpayer invoked the three-year statute of limitations in section 6501(a), based on the IRS's "actual knowledge" of the unreported income within three years after the taxpayer filed the return.  ***Id.*** at 847.

This court held that the IRS's actual knowledge of the income did not begin the three-year statute of limitations.  ***Id.*** at 847–48.  *See* ***Nat'l Contracting Co. v. Comm'r***, 105 F.2d 488, 491 (8th Cir. 1939) (failure to file a return with the IRS "did not set the statute of limitations in operation," even where the IRS "examined the [taxpayer's] books and made a report" regarding the tax liability).  Rather, the three-year statute of limitations begins only after the taxpayer's "return was filed." ***Heckman***, 788 F.3d at 847, *quoting* **§ 6501(a)**.  The IRS's actual knowledge is not a filing.  ***Id.*** at 848 ("The Code provides only two statutes of limitations:  three years or six years *after the return was filed,* not three years after the acquisition of actual knowledge.") (emphasis in original).  Without a filing, the statute of limitations in section 6501(a) does not begin when the IRS received the information.

*Heckman* defeats the Coffeys' argument that the VIBIR sending the documents to the IRS began the statute of limitations.  The IRS received actual knowledge of the Coffeys' information, not a filing.  It is undisputed that the Coffeys did not intend to file tax returns with the IRS, but only with the VIBIR.  ***Coffey***, 150

T.C. at 80. The Coffeys did not meticulously comply with federal filing requirements for USVI nonresidents.

Similarly, the VIBIR did not file returns when it sent the Coffeys' documents to the IRS. Generally, taxpayers themselves must file their return with the IRS. *See* **§ 6501(a)** (defining a "return" as the return required to be "filed by the taxpayer"). In some instances, an authorized third-party may file on behalf of the taxpayer. *See* **26 C.F.R. § 1.6012-1(a)(5)**. *Cf. **Deaton Oil Co., LLC v. United States***, 904 F.3d 634, 641 (8th Cir. 2018) (An agent's failure to file a return "does not constitute reasonable cause for the principal's failure to comply with its tax obligations . . . ."), *citing **United States v. Boyle***, 469 U.S. 241 (1985). The Coffeys, however, never authorized the VIBIR to file their documents with the IRS. ***Coffey***, 150 T.C. at 104 (dissenting opinion).

That the IRS actually received the documents, processed and audited them, and issued deficiency notices is irrelevant for statute of limitations purposes. *See **Heckman***, 788 F.3d at 847–48. The IRS's actual knowledge did not create a filing. The statute of limitations in section 6501(a) begins only when a return is filed. Because the Coffeys did not meticulously comply with requirements to file with the IRS, the statute of limitations never began.

## B.

The Coffeys, joined by the USVI, alternatively argue that filing solely with the VIBIR began the three-year statute of limitations in section 6501(a). *See **Coffey***, 150 T.C. at 98. They read section 6501(a) as providing a repose to taxpayers who file an honest and genuine return, even if mistaken about residency. *See **id.***

The Coffeys argue that for imperfect filings, the "honesty and genuineness of the filer's attempt to satisfy the tax laws should be determined from the face of the form itself, not from the filer's delinquency or the reasons for it." ***In re Colsen***, 446 F.3d 836, 840 (8th Cir. 2006). The taxpayer's "subjective intent is irrelevant" in

determining what is an honest and genuine return. *Id.* *See generally **Zellerbach Paper Co. v. Helvering***, 293 U.S. 172, 180 (1934) (holding, for a return filed with the IRS: "Perfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the law.") (citation omitted); ***Germantown Tr. Co. v. Comm'r***, 309 U.S. 304, 310 (1940) (same, for a return filed with the IRS).

As a prerequisite, however, an honest and genuine return must be filed with the correct individual. *See **Sanders***, 834 F.3d at 1277. In *Colsen*, this court determined "whether a document is a return," not whether it was filed. ***Colsen***, 446 F.3d at 839, *citing **Germantown***, 309 U.S. at 309; ***Zellerbach***, 293 U.S. at 180; *and **Beard v. Comm'r***, 82 T.C. 766, 774–79 (1984), *aff'd per curiam*, 793 F.2d 139 (6th Cir. 1986). *Colsen* stands for the proposition that a determination of what is an honest and genuine return "does not require inquiry into the circumstances under which a document was filed." *Id.* at 840. The honesty and genuineness of the Coffeys' returns does not affect whether they were filed.

The Coffeys argue at length that, because the IRS has the authority to audit, assess, and regularly receive returns filed with the VIBIR, USVI returns alone satisfy the nonresident filing requirements. The Coffeys believe that the United States and the USVI are not separate taxing entities. *See **Coffey***, 150 T.C. at 103, *citing **Puerto Rico v. Sanchez Valle***, 136 S. Ct. 1863, 1876 (2016) (holding that the United States and Puerto Rico "are not separate sovereigns" for double jeopardy purposes, but not addressing whether they are separate taxing entities). To the contrary, "the USVI is a separate taxing entity" from the United States. *Coffey*, 663 F.3d at 949. A filing with the USVI is not automatically a filing with the IRS. *See **Sanders***, 834 F.3d at 1278–79; ***Gangi v. United States***, 453 Fed. Appx. 255, 257 n.1 (3d Cir. 2011); ***Condor Int'l, Inc. v. Comm'r***, 78 F.3d 1355, 1358–59 (9th Cir. 1996); ***Huff v. Comm'r***, 138 T.C. 258, 267 (2012).

The Coffeys claim that they made an honest and genuine attempt to satisfy the tax laws. Under the Internal Revenue Code, a taxpayer *either* "is a bona fide resident

of the Virgin Islands," *or* "is a citizen or resident of the United States (other than a bona fide resident of the Virgin Islands) . . . ." **§ 932(c)(1)(A)**, **(a)(1)(A)(i)**. The Internal Revenue Code does not create an exception for a taxpayer's mistaken position about residency. *See Sanders*, 834 F.3d at 1277. *Cf. Heckman*, 788 F.3d at 849 (there is "no exception for omissions caused by a taxpayer's mistaken tax position" in section 6501(e)(1)(A)). As a USVI nonresident (for the purposes of this appeal), Judith's position that she was a USVI resident is irrelevant. A failure to file a return with the correct individual, even if done in a mistake of residency, does not create a "filed" return under section 6501(a). *See Sanders*, 834 F.3d at 1279 ("The three-year statute of limitations does not run when a taxpayer who is not a bona fide USVI resident files a return with the VIBIR, but not the IRS, regardless of his subjective good faith beliefs as to his residency.").

The Coffeys stress that the returns they filed with the VIBIR are identical to federal tax forms. *See Appleton v. Comm'r*, 140 T.C. 273, 283 (2013) (stating that the Form 1040 that a bona fide USVI resident files with the VIBIR is the same Form 1040 that individuals file with the IRS). Although the VIBIR chooses to use the same forms, returns filed with the VIBIR are not returns filed with the IRS. *See* **33 V.I.C. § 681(i)**. Without a filing, the documents are not an honest and genuine attempt to satisfy the tax law and are not filed returns. The Coffeys did not file returns with the IRS, but only returns with the VIBIR.

\* \* \* \* \* \* \*

The judgment of the Tax Court is reversed, and the case remanded for proceedings consistent with this opinion.

_____