# United States Tax Court

160 T.C. No. 8

DAVID W. TICE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 24983-15.                                    Filed April 10, 2023.

————

P, a U.S. citizen, filed one income tax return for 2002 and one income tax return for 2003, each with the Virgin Islands Bureau of Internal Revenue (VIBIR) and each claiming residency in the U.S. Virgin Islands (USVI). R determined that P was not a bona fide USVI resident under I.R.C. § 932(c) but rather a U.S. citizen other than a bona fide USVI resident under I.R.C. § 932(a) and therefore was required to file income tax returns "with both the United States and the Virgin Islands." *See* I.R.C. § 932(a)(2). R determined deficiencies for P and in 2015 issued a notice of deficiency.

P moves for summary judgment that the three-year period of limitations under I.R.C. § 6501(a) began to run upon his filing of returns with the VIBIR for 2002 and 2003 in 2003 and 2004, respectively, making the 2015 notice of deficiency untimely. For purposes of deciding whether to grant summary judgment, we assume that P was not a bona fide USVI resident under I.R.C. § 932(c) but rather a taxpayer other than a bona fide USVI resident under I.R.C. § 932(a).

*Held*: Taxpayers who filed a return only with the VIBIR for taxable years ending before December 31, 2006, do not trigger the statute of limitations under I.R.C.

§ 6501(a) unless they are bona fide residents of the USVI to whom I.R.C. § 932(c) applies. *See Cooper v. Commissioner*, T.C. Memo. 2015-72.

*Held, further*, as a taxpayer "other than a bona fide resident of the Virgin Islands" to whom I.R.C. § 932(a) applies (for purposes of this Motion), P's filing of returns only with the VIBIR did not trigger the statute of limitations under I.R.C. § 6501(a) and therefore the notice of deficiency could be issued "at any time" under I.R.C. § 6501(c)(3).

*Held, further*, P's Motion for Summary Judgment will be denied.

_____

*Joseph M. Erwin*, for petitioner.

*Matthew R. Delgado* and *Jeffrey D. Heiderscheit*, for respondent.

OPINION

PUGH, *Judge*: In this case we again consider the timeliness of a notice of deficiency issued to a U.S. citizen who claimed to be a resident of the U.S. Virgin Islands (USVI) for 2002 and 2003 (years in issue). Taxpayers like petitioner—those who claimed bona fide residency in the USVI and filed returns only with the Virgin Islands Bureau of Internal Revenue (VIBIR) for the years in issue—seek the repose offered by the statute of limitations in section 6501(a).[1] Petitioner therefore moves for summary judgment that a notice of deficiency issued in 2015 for the years in issue was untimely because the three-year period of limitations in section 6501(a) began to run upon his filing of returns with the VIBIR

_____

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

for the years in issue.[2] The Internal Revenue Service (IRS or respondent) maintains that, for these years, petitioner's filing of returns only with the VIBIR does not meet the section 6501(a) requirements for triggering the statute of limitations unless he was a bona fide resident of the USVI within the meaning of section 932.

*Background*

The facts required to decide petitioner's Motion are straightforward; they are derived from the pleadings, the First Stipulation of Facts, and the parties' Motion papers. They are stated solely for the purposes of deciding petitioner's Motion for Summary Judgment and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

Petitioner, a U.S. citizen, filed one income tax return for 2002 in October 2003 and one income tax return for 2003 in December 2004, each with the VIBIR and each claiming residency in the USVI. The IRS determined that petitioner was not "a bona fide resident of the Virgin Islands" under section 932(c) but rather a U.S. citizen "other than a bona fide resident of the Virgin Islands" under section 932(a) and therefore was required to file income tax returns "with both the United States and the Virgin Islands," as mandated by that subsection. The IRS determined deficiencies, additions to tax, and a penalty for the years in issue and in 2015 issued a notice of deficiency. Petitioner resided in Texas when he timely filed his Petition.

*Discussion*

I.    *Summary judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a)(2). In deciding whether to grant summary judgment, we construe factual

---

[2] Petitioner alternatively argues that Treasury Regulation § 1.932-1(c)(2)(ii) "should apply to the years here in issue [(2002 and 2003)]." We address this alternative argument below.

materials and inferences drawn from them in the light most favorable to respondent as the nonmoving party. *Sundstrand*, 98 T.C. at 520.

II.    *Statutory framework*

A.    *Section 6501(a): statute of limitations for assessment*

Section 6501(a) generally requires that income tax be assessed "within 3 years after the return was filed." It defines "return" as "the return required to be filed by the taxpayer." Thus, in determining whether the three-year statute of limitations has been triggered, we consider both (1) whether the document submitted was the "return" required to be filed and (2) whether it was properly "filed by the taxpayer." *See Appleton v. Commissioner*, 140 T.C. 273, 284 (2013).

"[L]imitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the Government." *Badaracco v. Commissioner*, 464 U.S. 386, 392 (1984) (quoting *Lucia v. United States*, 474 F.2d 565, 570 (5th Cir. 1973)). "In effect, a period of limitations runs against the collection of taxes only because the Government, through Congressional action, has consented to such a defense. Absent Government consent, no limitations defense exists." *Lucia*, 474 F.2d at 570.

A taxpayer must show "meticulous compliance" with all filing requirements in the Code or regulations to begin the period of limitations. *Lucas v. Pilliod Lumber Co.*, 281 U.S. 245, 249 (1930); *see also Allnutt v. Commissioner*, 523 F.3d 406, 412 (4th Cir. 2008), *aff'g* T.C. Memo. 2002-311; *Winnett v. Commissioner*, 96 T.C. 802, 807–08 (1991). "[I]n order for returns to be considered 'filed' for purposes of setting the period of limitations in motion, the returns must be delivered, in the appropriate form, to the *specific* individual or individuals identified in the Code or Regulations." *Allnutt v. Commissioner*, 523 F.3d at 413. "In other words, a return does not trigger the running of the statute of limitations unless it is filed in the place required by the statute or regulations." *Commissioner v. Estate of Sanders*, 834 F.3d 1269, 1274 (11th Cir. 2016), *vacating and remanding* 144 T.C. 63 (2015).

If the filing requirement is not satisfied—i.e., "[i]n the case of failure *to file* a return"—the statute of limitations is not triggered and "the tax may be assessed . . . at any time." § 6501(c)(3) (emphasis added).

B.     *Section 932(a)(2): filing requirement for U.S. citizens with USVI-source income who are not bona fide USVI residents*

The USVI is an insular area of the United States; it is classified as an unincorporated territory by 48 U.S.C. § 1541(a) (2006) and is not part of one of the 50 States or the District of Columbia. It generally is not a part of the United States for tax purposes. *See* § 7701(a)(9). Congress established the "mirror tax system" as the tax law of the USVI in 1921. Act of July 12, 1921, ch. 44, § 1, 42 Stat. 122, 123 (codified as amended at 48 U.S.C. § 1397 (2006)); *see also United States v. Calhoun*, 566 F.2d 969, 975 (5th Cir. 1978) ("This statute effectively established separate and distinct taxing jurisdictions in the United States and the Virgin Islands . . . .").

Originally, U.S. citizens permanently residing in the USVI who had both U.S.-source and USVI-source income "were required to file returns and pay taxes to both jurisdictions." *Appleton*, 140 T.C. at 278. In 1954 Congress established an "inhabitant rule" that treated these individuals as having satisfied their U.S. tax obligation by paying tax directly to the USVI. *See id.* at 279; Revised Organic Act of the Virgin Islands, ch. 558, § 28, 68 Stat. 497, 508 (1954). In 1986 Congress repealed the "inhabitant rule" and enacted section 932 to coordinate the U.S. and USVI tax systems.[3] *See* Tax Reform Act of 1986, Pub. L. No. 99-514, § 1274(a), 100 Stat. 2085, 2596.

Under section 932, the filing requirement for a taxpayer with USVI-source income depends on the taxpayer's residency. Subsection (a), titled "Treatment of United States Residents," applies to an individual for the taxable year if the individual "is a citizen or resident of the United States (other than a bona fide resident of the Virgin Islands at the close of the taxable year)," § 932(a)(1)(A)(i), and "has income derived from sources within the Virgin Islands . . . for the taxable year," § 932(a)(1)(A)(ii). Subsection (c), titled "Treatment of Virgin Island Residents," applies to an individual for the taxable year if

---

[3] Section 932 is not part of the mirror code and thus is not part of the USVI territorial tax system. Its purpose is to help ensure a unified tax split between the USVI and the U.S. Treasury for those U.S. citizens who have USVI-source income. *See Appleton*, 140 T.C. at 280 n.12.

the individual "is a bona fide resident of the Virgin Islands at the close of the taxable year." § 932(c)(1)(A).[4]

Section 932 then provides different filing requirements depending on which mutually exclusive subsection applies. "Each individual to whom" subsection (a) applies—i.e., a U.S. citizen or resident with USVI-source income who is not a USVI resident—"shall file his income tax return for the taxable year with *both* the United States *and* the Virgin Islands." § 932(a)(2) (emphasis added). By contrast, "[e]ach individual to whom" subsection (c) applies—i.e., a bona fide resident of the Virgin Islands—"shall file an income tax return for the taxable year with the Virgin Islands." § 932(c)(2).

In section 7654(e), Congress directed Treasury to "prescribe such regulations as may be necessary to carry out the provisions of . . . [section] 932, including regulations . . . prescribing the information which the individuals to whom [section 932 applies] shall furnish to [it]." Treasury did not, however, promulgate regulations applicable for tax years 2002 and 2003. In 2008 it promulgated Treasury Regulation § 1.932-1(c)(2)(ii), which provides that for purposes of the section 6501(a) statute of limitations, an income tax return filed with the USVI by an individual who takes the position that he or she is a bona fide USVI resident will be deemed a U.S. income tax return, provided that the United States and the USVI have entered into an agreement for the routine exchange of income tax information satisfying the requirements of the IRS.[5] The regulation applied prospectively to "taxable years ending after April 9, 2008." *Id.* para. (j). Taxpayers also could elect to apply it "to open taxable years ending on or after December 31, 2006" (i.e., back to the time when Notice 2007-31 became applicable). *Id.* Petitioner cannot elect to apply the rule in Treasury Regulation § 1.932-1(c)(2)(ii) because the tax years in issue ended before December 31, 2006.

---

[4] Effective October 22, 2004, section 932 was amended by striking "at the close of the taxable year" and inserting "during the entire taxable year" each place it appeared. American Jobs Creation Act of 2004, § 908(c)(2), Pub. L. No. 108-357, 118 Stat. 1418, 1656.

[5] It also provides that the working arrangement announced in I.R.S. Notice 2007-31, 2007-1 C.B. 971, is a satisfactory agreement. Notice 2007-31 had adopted the same rule as the regulation—that a tax return filed with the VIBIR by a U.S. citizen claiming to be a bona fide USVI resident would commence the section 6501(a) period of limitations for federal tax purposes—for tax years ending on or after December 31, 2006.

For purposes of deciding whether to grant summary judgment, we assume that petitioner was not a bona fide USVI resident under section 932(c), but rather a U.S. citizen other than a bona fide USVI resident under section 932(a). Therefore, petitioner was required to file returns "with both the United States and the Virgin Islands" for 2002 and 2003. *See* § 932(a)(2). We also assume that the documents petitioner submitted to the VIBIR constituted "returns" so that we may focus on the filing requirement.

III.    *Analysis*

A.    *Petitioner's filing requirement under section 932(a)(2)*

For the years in issue, petitioner was required by statute to file his income tax returns "with *both* the United States *and* the Virgin Islands," § 932(a)(2) (emphasis added), because he was a U.S. citizen with USVI-source income who was not a bona fide USVI resident. Because he was not a bona fide USVI resident, he was not subject to the "filing requirement" under paragraph (2) of subsection (c), which requires bona fide USVI residents to file solely "with the Virgin Islands."[6]

Filing with the VIBIR is not filing with the IRS. If a taxpayer were deemed to have filed "with both the United States and the Virgin Islands" by virtue of filing "with the Virgin Islands" then section 932(a)(2) would be meaningless. This construction of section 932(a)(2) ignores the phrase "with . . . the United States" and makes the filing requirements of subsections (a)(2) and (c)(2) redundant. It therefore would "run[] aground on the so-called surplusage canon—the presumption that each word Congress uses is there for a reason." *Advoc. Health Care Network v. Stapleton*, 581 U.S. 468, 477 (2017). "Our practice . . . is to 'give effect, if possible, to every clause and word of a statute.'" *Id.* at 478 (quoting *Williams v. Taylor*, 529 U.S. 362, 404 (2000)).

Therefore, taxpayers who file a return only with the VIBIR for the years in issue do not trigger the statute of limitations under section 6501(a) unless they are bona fide residents of the USVI to whom section 932(c) applies. As a taxpayer other than a bona fide USVI resident to

---

[6] Petitioner acknowledges the structure and operation of section 932, stating that "[b]y filing his returns with VIBIR and not [r]espondent, it is an obvious inference that [petitioner] has taken the position that he was a bona fide resident of the Virgin Islands for his 2002 and 2003 tax years."

whom section 932(a) applies, petitioner did not trigger the statute of limitations under section 6501(a) by filing returns only with the VIBIR; therefore, the notice of deficiency could be issued "at any time." § 6501(c)(3).

Petitioner's primary argument is essentially that, notwithstanding the statutory filing requirements described above (which turn on the taxpayer's residency), whether he actually was a bona fide resident of the USVI for the years in issue is immaterial because he claimed to be one in his VIBIR returns, and merely claiming to be one is sufficient to qualify him for the section 932(c) single filing regime. We rejected this argument in a 2015 memorandum opinion, *Cooper v. Commissioner*, T.C. Memo. 2015-72, at *22–24, concluding that "the period of limitations will have expired only if [the taxpayers] can prove they were bona fide residents of the Virgin Islands at the close of 2002 and 2003" because "[s]ection 932(c) does not provide that a taxpayer's subjective belief that he/she is a bona fide resident of the Virgin Islands is sufficient to place him/her into that section's single filing regime. More is required."

Taxpayers raised the same argument before the U.S. Court of Appeals for the Eleventh Circuit in *Commissioner v. Estate of Sanders*, 834 F.3d at 1274 ("Appellees argue that if a taxpayer files a return with the VIBIR, but not the IRS, in the good faith belief that he is a USVI resident, the limitations period should start even if the taxpayer is not, in fact, a bona fide USVI resident."). The Eleventh Circuit also rejected it, and even cited *Cooper*, holding that "a taxpayer who files a return only with the VIBIR does not trigger the statute of limitations unless he is actually a bona fide resident of the USVI," *id.* at 1278–79, because "the language and structure of the statute [section 932] are clearly inconsistent with [the taxpayers'] invitation to us to imply a good faith exception to the requirement that the return be filed in the proper place," *id.* at 1276.

And taxpayers raised it before this Court in *Hulett v. Commissioner*, 150 T.C. 60, 71 (2018), *rev'd and remanded sub nom. Coffey v. Commissioner*, 987 F.3d 808 (8th Cir. 2021), arguing "that a subjective good faith belief that one is a *bona fide* resident is what matters for the statute of limitations." We issued lead, concurring, and dissenting opinions in *Hulett*. No opinion secured a majority vote. No opinion directly addressed whether the dual filing requirement under section 932(a)(2) was satisfied by a taxpayer's sole filing with VIBIR.

The lead opinion addressed whether VIBIR's subsequent transmissions of the taxpayers' USVI-filed returns to the IRS as part of a cover-over request, *see* § 7654(a), constituted "returns" for purposes of section 6501(a) and (c)(3), and we concluded that they did under the four-part test set forth in *Beard v. Commissioner*, 82 T.C. 766, 777 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986). As for the requirement that returns be properly "filed by the taxpayer," § 6501(a); *see Appleton*, 140 T.C. at 284, the lead opinion relied on a deemed concession by the IRS that a "taxpayer's subjective intent has no role to play" in determining whether a return has been properly "filed," *Hulett*, 150 T.C. at 80.[7] The lead opinion noted the taxpayers' argument that filing with the VIBIR triggers the statute of limitations regardless of residency but did not discuss it further because of our holding in *Cooper*. *Id.* at 71 n.9 (citing *Cooper*, T.C. Memo. 2015-72, at *22).

The dissent concluded that the statute of limitations was not triggered by the VIBIR's transmission to the IRS because "[f]iling a valid Federal income tax return with the IRS for purposes of section 6501(a) requires an intentional act by the taxpayer, and there was none here." *Id.* at 107 (Marvel, J., dissenting).

The concurrence in effect acknowledged that for purposes of the opinion the taxpayers were not bona fide USVI residents subject to section 932(c), and therefore section 932(a), including its filing requirement, applied, as urged by the Commissioner. *Id.* at 103 & n.3 (Thornton, J., concurring in the result). But, noting that a return can be "honest and genuine—though possibly erroneous," the concurrence thought it "unnecessary to decide whether the [taxpayers] were bona fide residents of the [USVI] . . . because the returns [the taxpayers] filed with the VIBIR under section 932(c)(2) started the section 6501(a) period of limitations for Federal income tax purposes." *Id.* at 98 (Thornton, J., concurring in the result).[8] In sum, the *Hulett* opinions focused either on the return requirement (lead and concurring opinions) or on the necessity of an intentional act by the taxpayer to meet the

---

[7] Petitioner reserves the argument that VIBIR's subsequent transmission of his USVI-filed returns to the IRS triggered the statute of limitations, and we therefore do not address it.

[8] Petitioner contends that we should adopt the concurring opinion in *Hulett*, 150 T.C. at 98–104 (Thornton, J., concurring in the result), which received a plurality of votes, but acknowledges that it did not receive a majority vote and therefore is not binding precedent.

filing requirement and whether subsequent actions by VIBIR could satisfy it (dissenting opinion).

On appeal, the U.S. Court of Appeals for the Eighth Circuit held that a USVI nonresident's sole filing with the VIBIR does not begin the running of the three-year period of limitations. *Coffey v. Commissioner*, 987 F.3d at 813–15.[9] The taxpayers, as USVI nonresidents (for purposes of the appeal), were subject to section 932(a)(2) and therefore required to file "with both the United States and the Virgin Islands." *Id.* at 812. They filed only with the VIBIR. Because they failed to file in a place required by the statute—with the IRS—the Eighth Circuit held that they "d[id] not create a 'filed' return under section 6501(a)." *Id.* at 814 (citing *Commissioner v. Estate of Sanders*, 834 F.3d at 1279).

Absent stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Fifth Circuit. *See* § 7482(b)(1)(A). In the Fifth Circuit, unlike in the Eighth and Eleventh Circuits, there is no precedent squarely on point that we must follow. *See Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

Our holding above gives effect to the statutory text and structure and is consistent with *Cooper*. We did not directly address whether the dual filing requirement under section 932(a)(2) was satisfied by a taxpayer's sole filing with VIBIR in *Estate of Sanders* or *Hulett*. On appeal of those cases, however, the Eleventh and Eighth Circuits did.[10] Although we are not bound by either *Estate of Sanders* or *Coffey*, as a court of national jurisdiction we take into account the reasoning of a reversing appellate court. *See Lawrence v. Commissioner*, 27 T.C. 713,

---

[9] The Eighth Circuit also held that the statute of limitations under section 6501(a) was not triggered by the IRS's actual knowledge of the taxpayers' information because "[t]he IRS's actual knowledge is not a filing," and nor was it triggered when VIBIR sent documents to the IRS because the taxpayers "never authorized the VIBIR to file their documents with the IRS." *Coffey v. Commissioner*, 987 F.3d at 813 (concluding that for these reasons the taxpayers "did not meticulously comply with requirements to file with the IRS" and therefore "the statute of limitations never began"). This holding relates to petitioner's reserved argument. *See supra* note 7.

[10] In his Response to petitioner's Motion, respondent asserts that we should "disregard [p]etitioner's argument as irrelevant" because, in respondent's view, we are bound by *Coffey* outside the Eighth Circuit and must follow its holding "[n]otwithstanding whether the Fifth Circuit would reach the same conclusion." This assertion is incorrect under *Golsen*.

716–17 (1957), *rev'd on other grounds,* 258 F.2d 562 (9th Cir. 1958).[11] We find their reasoning, which focuses on the statutory text and structure, persuasive. And to follow their reasoning, we need not overturn any precedent because we have not previously directly addressed this issue. *Cf. Analog Devices, Inc. & Subs. v. Commissioner*, 147 T.C. 429, 443–45 (2016) (weighing the importance of reaching the correct result against the importance of following our precedent—i.e., stare decisis—when we had precedent directly on point). The filing requirement under subsection (a)(2) requires that the return referred to in that section be filed "with both the United States and the Virgin Islands"; therefore, the repose offered by section 6501(a) cannot apply to the returns petitioner filed with the USVI.

Petitioner states that adopting his position would "avoid[] the awkward and convoluted analysis of what is a tax return, what is 'filing,' and whether the taxpayer is a 'bona fide resident' of the territory 'at the close of the taxable year' for which he or she filed a return." But avoiding that analysis ignores the law in effect during the years in issue, which we will not do.

B.      *Administrative Procedure Act and due process*

Alternatively petitioner argues that Treasury violated the Administrative Procedure Act and the Fifth Amendment to the U.S. Constitution by giving taxpayers the option to apply the otherwise prospectively effective rule in Treasury Regulation § 1.932-1(c)(2) for tax years ending on or after December 31, 2006, but not for the years in issue.

First, petitioner contends that the regulation is arbitrary and capricious and therefore we should set it aside. *See* 5 U.S.C. § 706(2)(A). He argues that by not giving taxpayers the option to apply the rule in Treasury Regulation § 1.932-1(c)(2) for tax years 2002 and 2003, Treasury "select[ed] [individual taxpayers who claimed to be bona fide residents of the USVI and filed their income tax returns with the VIBIR and not the IRS] for different treatment than other similarly situated taxpayers." But petitioner does not explain why we should consider taxpayers with different open tax years—i.e., those filing for open tax years before December 31, 2006, and those filing for open tax years ending on or after December 31, 2006—as similarly situated. In

---

[11] Here we are not so much "reconsider[ing]" an issue, *Lawrence*, 27 T.C. at 716–17, as deciding it for the first time.

addition, in providing that taxpayers filing on or after December 31, 2006, could choose to apply the rule in Treasury Regulation § 1.932-1(c)(2)(ii), Treasury articulated a satisfactory explanation for its action, *see Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), writing in the preamble to the final rule:

> This general rule applies as long as the IRS and U.S. Virgin Islands have in place an agreement for the automatic exchange of information satisfying the requirements of the Commissioner of the IRS. Because the working arrangement announced in Notice 2007-31 satisfies this condition, this general rule applies to years ending on or after December 31, 2006.

T.D. 9391, Preamble, 2008-1 C.B. 945, 951, 73 Fed. Reg. 19,350, 19,355–56 (Apr. 9, 2008).

And were we to find Treasury's election parameters arbitrary and capricious, the consequence would be to "hold [that part of the regulation] unlawful and set [it] aside," 5 U.S.C. § 706(2), not make it applicable for the years in issue. Although petitioner contends that the consequence of the regulation's invalidity is that "the [r]egulation applies to [p]etitioner's taxable years 2002 and 2003, thus making the [n]otice of [d]eficiency untimely," petitioner does not explain how invalidating a regulation not applicable for the years in issue could make it applicable for the years in issue. Nor could we identify any legal basis for in effect rewriting a regulation in this way.

Second, petitioner contends that Treasury violated the due process clause of the Fifth Amendment to the U.S. Constitution; his argument seems to be that Treasury Regulation § 1.932-1 failed to give fair warning of the conduct required. But the conduct required is found in the statute—i.e., section 932(a)(2)—not the regulations. *See Hulett*, 150 T.C. at 95 ("[T]he absence of regulations doesn't repeal section 932.").

Petitioner understandably wants the rule in Treasury Regulation § 1.932-1(c)(2)(ii) to apply for the years in issue. But it did not. *See, e.g.*, *Hulett*, 150 T.C. at 76 ("Had this regulation been in effect for the years at issue here, the [taxpayers] would easily have won this case. . . . But, as it is, the regulation didn't exist in 2003 and 2004 . . . ."); *Appleton*, 140 T.C. at 282 ("The Secretary did not, however, promulgate regulations for

[2002–04].”); *Cooper*, T.C. Memo. 2015-72, at \*16 (same, for 2002 and 2003).

### C.     *Conclusion*

In sum, because filing with the VIBIR is not filing with the IRS, filing only with the VIBIR does not satisfy the dual filing requirement of section 932(a)(2). In the absence of a filing in the place required by statute (i.e., with the IRS), the period of limitations did not begin to run, and the notice of deficiency could be issued "at any time" under section 6501(c)(3). We therefore will deny petitioner's Motion for Summary Judgment.

*An appropriate order will be issued.*

Reviewed by the Court.

KERRIGAN, FOLEY, GALE, PARIS, MORRISON, BUCH, NEGA, PUGH, ASHFORD, URDA, COPELAND, JONES, TORO, GREAVES, MARSHALL, and WEILER *JJ.*, agree with this opinion of the Court.